The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: February 25 2022

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31350 |
| | ) | |
| Tiffany Michelle Allen, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### ORDER DENYING APPLICATION TO HAVE FILING FEE WAIVED

This case is before the court on Debtor Tiffany Michelle Allen's ("Debtor") Application to Have Chapter 7 Filing Fee Waived. For the reasons discussed below, the Debtor's Application will be denied.

On July 27, 2021, Debtor filed a Chapter 7 Petition. Debtor checked the box next to the statement: "I will pay the entire fee when I file my petition." [Doc. #1, p. 3, Q. 7.a.]. The Filing Fee of $338.00 was paid upon filing. [Doc. #1]. On July 28, 2021, Debtor filed the Application to Have Chapter 7 Filing Fee Waived ("Application"). [Doc. #6]. The court held a hearing on Debtor's Application on August 17, 2021, at which Debtor's counsel appeared by phone. At the hearing, Debtor argued that, because the Filing Fee was paid in error and Debtor qualified to have the Filing Fee waived, a refund is warranted.

The current version of the Bankruptcy Fee Compendium addresses the issue before the court.

> **Prohibition Against Refunding Filing Fees.** The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority.

Bankruptcy Fee Compendium III (June 1, 2014), Section A.8, p. 16 (footnote omitted); *and see*, *In re Fletcher*, 2012 WL 3133931 at *1, 2012 Bankr. LEXIS 3574 at *2 (Bankr. N.D. Ohio Aug. 1, 2012) (describing the binding nature of the fee rules contained in the Fee Compendium). Here, the Fee Compendium's specific prohibition against refunding fees "due upon filing" cannot be overcome by the Debtor because there is no evidence that the Filing Fee was collected "without authority."

Under the Bankruptcy Fee Compendium and Local Bankruptcy Rule 5080-1(a), to allow the refund of a filing fee, the court must find either that: the fee was collected without authority, or the fee was collected due to administrative error on the part of the clerk's office. *See*, Local Rule 5080-1(a).[1]

The time for determining whether a fee was "due" is the time the petition or other pleading was filed. Under Federal Rule of Bankruptcy Procedure 1006(c), "A voluntary chapter 7 petition filed by an individual shall be accepted for filing if accompanied by the debtor's application requesting a waiver under 28 U.S.C. § 1930(f), prepared as prescribed by the appropriate Official Form". Here, the Application was not filed at the time of filing, it was filed the next day. Thus, at the time the case was filed, the fee was "due". Accordingly, collection of the fee was not "without authority".

Further, even if the Application had been filed with the Petition, the Filing Fee would not be waived until the court had granted the waiver, after conducting a two-step review: 1) determining that "such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved"; and 2) "is unable to pay the fee in installments." *See*, 28 U.S.C. §1930(f)(1); *In re Johnson*, 2021 WL 4047460, 2021 Bankr. LEXIS 2447 (Bankr. D. Kan. Sept. 3, 2021). The waiver of a filing fee is not purely mechanical or automatic. As courts have noted, the statute states that if these conditions are met, a court "*may*" waive the filing fee. *Redzinski v. Whitten*, 2020 WL 533767, 2020 U.S. Dist. LEXIS 17959 (E.D. Wisc. Feb. 3, 2020); *see also*, *In re Ballard*, 617 B.R. 577 (Bankr. E.D. Mich. 2020). Thus, until a court order waives the filing fee, it remains "due", and therefore collection of the fee would not have been "without authority".

---

1/ (a) *General Rule*. Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.

Thus, pursuant to the statute, the fee policies of the Bankruptcy Fee Compendium, and Local Rule 5080-1, the court must deny Debtor's Application and request for the issuance of a refund.

Wherefore, for all of the reasons stated herein,

**IT IS ORDERED** that Debtor's Application for Waiver of the Chapter 7 Filing Fee [Doc. #6] be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**